FERGUS J. McOSKER *vs.* SUPERIOR COURT.

APRIL 20, 1956 (as of JANUARY 17, 1956.)

PRESENT: Flynn, C. J., Capotosto, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a petition for a writ of certiorari to review the action of the superior court in entering, on January 28, 1955, the following order in the law action entitled Fergus J. McOsker vs. Elizabeth E. Corr, No. 131354, then pending in that court on appeal from the district court of the sixth judicial district:

> "This cause came on to be heard on defendant's motion to compel the plaintiff to accept a bond and to release the personal property now under attachment, and after due consideration, it is hereby

Ordered

(1) Defendant's motion is granted and plaintiff is directed and ordered to accept a bond duly executed by Elizabeth E. Corr and Ruth and Charles Hall, which bond is dated December 13, 1954.

(2) All funds now attached by virtue of the writ dated March 29, 1954, entitled Fergus J. McOsker vs. Elizabeth E. Corr, and returnable to the Sixth Judicial District Court on the 12th day of April, 1954, are hereby ordered released and discharged from said attachment.

Entered as the Order of Court this 28th day of January, A. D. 1955."

The writ duly issued and in accordance therewith all pertinent records have been transmitted to this court.

An examination thereof discloses the following facts. On March 29, 1954 an original writ in an action of the case in assumpsit was issued out of said district court and was returnable thereto on April 12, 1954. By such writ the sheriff was commanded to attach the personal property of the defendant in the hands of the city of Providence. Pursuant thereto the attachment was made, the writ with the sheriff's return thereon was entered in that court, and the garnishee's affidavit was duly filed by said city showing that funds belonging to defendant were in its possession. While the case was pending in the district court defendant made no attempt to release the attachment. On July 15, 1954, after a trial in that court, decision was rendered for the plaintiff, and the defendant duly prosecuted an appeal to the superior court and claimed a jury trial therein.

After the case had been certified on appeal defendant on January 17, 1955 filed a motion in the superior court to direct plaintiff to accept the bond, previously tendered by defendant and refused by plaintiff's attorney, and to release the attachment of personal property. This motion was granted, and on January 28, 1955 the order, which is above set out in full, was entered in the superior court and constitutes the basis of the instant petition for certiorari.

In support of his claim petitioner herein relies upon general laws 1938, chapter 547, §16. That section, after providing for the giving and acceptance of a surety bond to release an attachment of personal property as therein set forth, continues to further provide as follows: "In case of the refusal of said plaintiff or his attorney to act upon said bond or to receive a proper bond and give such certificate, said defendant may petition the court *to which the writ is returnable* to accept a bond running to the plaintiff and satisfactory to the court, and release said shares or personal estate from attachment." (italics ours)

The petitioner, plaintiff below, cites the case of *Stone* v. *Peoples Savings Bank,* 20 R. I. 427, as a proper application thereof and as governing this case. The issue there involved was whether the clerk of a district court to which a writ was returnable had power to require a plaintiff to accept a bond in lieu of an attachment after the case had been certified to the common pleas division for jury trial but before final judgment had been rendered. This court held that there was no provision depriving the clerk of a district court of authority to take the action complained of, although the case had been certified to and was pending in the common pleas division for jury trial.

The court stated at page 428: "It is quite probable that the framer of the statute did not have in mind that the suit might be certified to another court before final judgment should be rendered, and, therefore, failed to provide that the procedure for the discharge of the attachment after it had been so certified should be taken by the clerk of the court in which the suit should be pending. But so long as the statute provides for a discharge of an attachment by the procedure taken by the clerk of the District Court, we cannot say that his authority has been ousted by the certifying of the case to the Common Pleas Division."

The respondent here, defendant below, however, contends that thereafter the superior court received authority to en-

ter such an order as complained of by virtue of the provisions of G. L. 1938, chap. 526, §3, which read as follows: "In any civil case certified to the superior court, on appeal from a district court, either party within 10 days may file a demurrer in said court, and such further pleas, legal or equitable, as he may see fit, and the superior court may in its discretion, upon motion, raise and increase the ad damnum in said case above and exceeding the sum of $1,000.00, and thereafter all proceedings had therein shall be as if originally the writ had issued from and the case entered in the superior court." It is argued that this statute was passed to remedy the possible omission or defect in the original statute which was referred to in the case of *Stone* v. *Peoples Savings Bank, supra.*

This argument is not without some force if this statute stood alone. However, if the legislature intended to remedy such possible omission or defect, it could have done so more definitely and without creating a further difficulty which now exists. The two statutes respectively relied on by the parties were enacted at different times under different titles. The original statute, G. L. 1896, chap. 253, which was relied on by petitioner and was construed in the *Stone* case, was entitled "Of The Service Of Writs," and was re-enacted in each subsequent revision of the general laws, namely, in 1909, 1923 and 1938, substantially under that title. The statute relied on by respondent first came into the law as P. L. 1922, chap. 2184, under the title "Of Civil Practice In The Superior Court," and so appeared in each of such revisions.

In the last revision of 1938, both statutes were re-enacted and appear separately, under different titles, and neither refers expressly by title or text to the other. If, as contended by respondent, the legislature had intended in 1922 to correct the possible omission or defect in the original statute of 1896, it could have done so easily and with greater clarity by expressly amending the original statute in a way

that would govern the release of such attachments in a case after it had been certified to the superior court. In any event their failure to do this in 1922, followed by several re-enactments of both statutes separately in the later revisions, especially in view of the holding in the case of *Stone v. Peoples Savings Bank, supra,* tends to leave the legislative intent still clouded and uncertain. In the circumstances we think that a correction or conciliation of the two statutes may be desirable, but that it more properly can be done expressly by legislative action rather than by decision of a court.

The petition for certiorari is granted, the order complained of is quashed, and the papers in the case are ordered to be returned to the superior court for further proceedings.

BAKER, J., did not participate in the decision.

*Fergus J. McOsker,* pro se, for petitioner.

*Isidore Kirshenbaum, Burton Salk,* for Elizabeth E. Corr.